IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

JAMES LEWIS HARDY,              )
                                )
        Petitioner,             )
                                )
vs.                             )    Case No.    1:08-cv-2171-JFG-TMP
                                )
DAVID J. WISE, Warden;          )
ATTORNEY GENERAL OF             )
THE STATE OF ALABAMA,           )
                                )
        Respondents.            )

MEMORANDUM OPINION AND ORDER

The magistrate judge filed his report and recommendation in this cause on February 19, 2009, recommending that the petitioner be dismissed without prejudice for want of subject-matter jurisdiction due to its being a "second or successive petition subject to 28 U.S.C. § 2244(b)(2). Petitioner filed his objections to the report and recommendation on February 25, 2009, arguing that the petition raises claims relating to the State of Alabama's arbitrary or discriminatory application of the governor's power to commute sentences.[1] From this, he argues that his claim relates to the execution of his sentence, not its original validity, and, therefore, it is not subject to the successiveness provisions of § 2244. The court has now carefully reviewed and considered *de novo* the objections, the report and recommendation, and all other relevant materials in the court file.

---

[1] Petitioner alleges that in 1999 Governor Fob James commuted the death sentence of a white female, Judith Ann Neeley, to a sentence of life imprisonment with the possibility of parole. He contends that he, a black male, and other prisoners sentenced to life without the possibility of parole have been refused commutation of their sentences. He contends that the commutation scheme is arbitrary and capricious or, at least as applied, discriminatory.

The court of appeals has answered this same essential argument, concluding that all state prisoners in custody pursuant to the judgment of a state court are subject to the provisions of both §§ 2241 and 2254 (and its concomitant restrictions, including the successiveness provisions of § 2244). In Thomas v. Crosby, 371 F.3d 782 (11th Cir. 2004), a case in which the petitioner challenged the decision of a parole commission, the court of appeals explained:

> We summarized:
>
>> [A] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ – to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254.
>
> [Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003), cert. denied, 541 U.S. 1031, 124 S. Ct. 2098, 158 L. Ed. 2d 714 (2004)].
>
> * * *
>
> There is no merit to Appellant's argument that § 2254 does not apply where a state prisoner challenges parole decisions rather than court rulings. Section 2254 is triggered where a prisoner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Appellant is in custody pursuant to the judgment of the Florida court. Therefore § 2254 applies to Appellant's petition.

Id. at 787. The same is true in the instant case. Petitioner is in custody pursuant to the judgment of a state court; thus, his claim challenging the execution of the sentence falls under both §§ 2241 and 2254, including the successiveness restrictions at § 2244(b). It does not matter that he is challenging

the sentence on the basis of events occurring after the conviction and sentence was imposed. What matters is that he is in custody pursuant to the judgment of a state court.

Because it is clear that petitioner has failed earlier *habeas* petitions challenging his conviction and life-without-parole sentence, the instant petition is successive, and this court has no subject-matter jurisdiction to consider it without authorization from the court of appeals. Accordingly, the objections filed by the petitioner are hereby OVERRULED, the report and recommendation filed by the magistrate judge are ADOPTED and ACCEPTED, and the petition in this case is hereby DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

The Clerk is DIRECTED to mail a copy of the foregoing to the petitioner.

DONE and ORDERED 16 March 2009.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.